### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY ELLEN K. LAJEUNESSE, | ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 22-cv-6150 |
| WAL-MART STORES, INC., and WALMART INC., | ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

NOW COMES Defendant, WALMART INC., ("WAL-MART") by and through its attorneys, James P. Balog and Ariel T. Flood of O'Hagan Meyer LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, states as follows:

1. The movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. Both at the time of the commencement of the State Court action and at the present time, Defendant, WAL-MART, is a Delaware Corporation and its executive headquarters are located in Bentonville, Arkansas. (*See* Arkansas Secretary of State Business Information Search, attached as Exhibit A). A corporation has a single principal place of business where its executive headquarters are located. Metropolitan Life Ins. Co. v. Estate of Cammon, 929 F.2d 1220, 1223 (7th Cir. 1991). Therefore, at all pertinent times, WAL-MART is and has been a citizen of Delaware and Arkansas.

3. This matter arises out of an incident, which occurred March 22, 2021, at the Wal-Mart located at 2844 N. Broadway, in the city of Chicago, Cook County, Illinois. Plaintiff, Mary Ellen K. Lajeunesse, filed a Complaint in the Cook County Circuit Court, Law Division, styled MARY

<u>ELLEN K. LAJEUNESSE v. WAL-MART STORES, INC., and WALMART INC.</u>, bearing Cook County, Illinois, Case No.2022L009527. (Exhibit B).

4. WAL-MART first received Plaintiff's Complaint when it was served with process on October 28, 2022. (*See* Service of Process Transmittal, attached hereto and incorporated herein as Exhibit C). Plaintiff's Complaint does not demand a specific sum but instead seeks judgment in excess of $50,000.

5. Under Illinois Rules of Civil Procedure, a specific prayer for relief in actions for injury to person is not required; only that an ad damnum be pleaded to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed. 735 ILCS 5/2-604.2.

6. In response to the Complaint, WAL-MART filed its Appearance and Jury Demand on November 4, 2022. (*See* WAL-MART Appearance and Jury Demand, attached hereto and incorporated herein as Exhibit D).

7. Based on medical records produced by Plaintiff's attorney pre-suit, at all times relevant, Plaintiff was and remains a citizen of Illinois. (See Exhibit E).

8. On March 22, 2022, prior to Plaintiff filing suit, Plaintiff sent Defendant a settlement demand of $1,200,000 containing an itemization of Plaintiff's medical bills totaling $112,967.60. (See Plaintiff's Itemization of Medical Bills attached hereto and incorporated herein as Exhibit F).

6. A notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1). "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that…the notice of removal may assert the amount in controversy if the initial pleading seeks… a money judgment, but the State practice…permits recovery of damages in excess of the amount

demanded; and removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a). 28 U.S.C. § 1446(c)(2)(A)(ii).

7. As established in this Notice, the claimed amount in controversy exceeds $75,000 as Plaintiff's claimed medical bills total $113,967.60. Additionally, the citizenship of the Parties is diverse as Plaintiff was and remains a citizen of Illinois and WAL-MART was and remains a citizen of Delaware and Arkansas.

8. Moreover, as established in this Notice, WAL-MART properly filed its Notice of Removal within the applicable thirty-day time frame after being served with process on October 28, 2022.

9. As required by 28 U.S.C. § 1446(d), the movant will promptly serve upon Plaintiff's counsel, and file with the Circuit Court of Cook County, a true and correct copy of this Notice.

10. By removing this action, Defendant does not waive any defenses available to it.

11. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

12. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, WAL-MART, prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

Dated: November 7, 2022

                                    Respectfully submitted,
                                    O'HAGAN MEYER LLC

                       By:    /s/Ariel T. Flood
                                    One of the Attorneys for Defendant,
                                    Walmart Inc.

James P. Balog, Esq.
Ariel T. Flood, Esq.
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: 312-422-6100 / Fax: 312-422-6110
jbalog@ohaganmeyer.com
aflood@ohaganmeyer.com