IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY ELLEN LAJEUNESSE, | |
| Plaintiff, | |
| v. | Case No. 22-cv-06150 |
| WALMART, INC., | Judge Mary M. Rowland |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Ellen Lajeunesse ("Lajeunesse") has sued Defendant Walmart, Inc. ("Walmart") for damages arising from an incident at a Walmart store located in Chicago, Illinois. For the reasons stated below, Defendant's motion for summary judgment [38] is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are material. *Id*. After a "properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 250 (quoting Fed. R. Civ. P. 56(e)).

1

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [ ] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Logan v. City of Chicago*, 4 F.4th 529, 536 (7th Cir. 2021) (quotation omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.*

## BACKGROUND

### I. Local Rule 56.1

"Local Rule 56.1 statements serve to streamline the resolution of summary judgment motions by having the parties identify undisputed material facts and cite the supporting evidence." *Laborers' Pension Fund v. Innovation Landscape, Inc.*, No. 15 CV 9580, 2019 WL 6699190, at *1 (N.D. Ill. Dec. 9, 2019). The Seventh Circuit has "consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 414 (7th Cir. 2019) (quotation omitted). "We have frequently said that it is within the district court's discretion to strictly enforce local rules regarding summary judgment by accepting

the movant's version of facts as undisputed if the non-movant has failed to respond in the form required." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 648 (7th Cir. 2014). "[I]t is not the duty of the district court to scour the record in search of material factual disputes." *Kreg*, 919 F.3d at 414.

Lajeunesse has failed to follow the requirements of Local Rule 56.1. As the party opposing summary judgment, if Lajeunesse wished to assert additional facts not set forth in Walmart's statement of material facts, Lajeunesse was required to submit "a statement of additional material facts that complies with LR 56.1(d) and that attaches any cited evidentiary material not attached to the LR 56.1(a)(2) statement or LR 56.1(b)(2) response." LR 56.1(b)(3). And when addressing facts in briefing, a party's "memorandum must cite directly to specific paragraphs in the LR 56.1 statements or responses." LR 56.1(g).

Lajeunesse did not submit a LR 56.1(b)(3) statement of additional facts and repeatedly asserted additional facts in its response by citing directly to the record. *See e.g.*, [43]. The Court exercises its discretion to enforce Local Rule 56.1(g) and will disregard any facts asserted in Lajeunesse's response that is not contained in Walmart's statement of facts, [39], or Lajeunesse's response to Walmart's statement of facts, [44]. *Zuppardi*, 770 F.3d at 648; *see also Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 810 (7th Cir. 2005) ("Because Cichon failed to comply with Rule 56.1 which requires that a litigant file a separate statement of additional facts, we hold that it was not an abuse of discretion for the district court to ignore most of Cichon's proposed 'facts' when ruling on Exelon's motion for summary judgment.").

3

The Court notes that Walmart also failed to fully comply with Local Rule 56.1's requirements. Walmart's memorandum of law also cites directly to the record, specifically screenshots of the surveillance video, rather than specific paragraphs of its statement of facts in violation of LR 56.1(g). *See* [40] at 5-6. Walmart's memorandum also addresses facts without citing to specific paragraphs of its statement of facts. *See* [40] at 5 (discussing plaintiff's testimony without any citation). However, the facts Walmart relies on were properly presented in its LR 56.1 statement of facts. *See* [39]. Therefore, the Court will not disregard the improperly cited factual assertions that appear in Walmart's memorandum. *See Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012) (abuse of discretion to disregard facts properly brought to the court's attention through Rule 56.1 statement).

## II.  Factual Background[1]

On March 22, 2021, Lajeunesse visited a Walmart store located at 2844 N. Broadway in Chicago, Illinois to buy Easter candy. [39] at ¶¶ 5, 9. Lajeunesse walked to the back of the store and saw there was candy against the back wall. *Id.* at ¶ 11. While walking towards the candy aisle, Lajeunesse slipped and fell on a puddle of brown liquid on the floor. *Id.* at ¶¶ 12-13. The puddle of liquid was about two feet long and a foot and a half wide. *Id.* at ¶ 16. Lajeunesse did not have a shopping cart or basket and testified that she was paying attention to where she was walking and did not have any problems with the lighting in the store. *Id.* at ¶¶ 20-22. Lajeunesse

---

[1] These facts are taken from Walmart's statement of facts [39] and Lajeunesse's response to the statement of facts [44] and are undisputed unless otherwise noted.

4

testified that she did not see the puddle of brown liquid on the floor at any time before she fell, but if she had seen it, she would have walked around it. *Id.* at ¶¶ 18-19.

Lajeunesse saw a Walmart employee standing at the far end of the aisle she was walking down before her fall. *Id.* at ¶ 23. Lajeunesse stepped into the puddle with her right foot first, then slipped and fell. *Id.* at ¶ 14. At the exact moment Lajeunesse encountered the puddle with her right foot, she heard the Walmart employee say something to her. *Id.* at ¶ 24. Lajeunesse turned her head towards the Walmart employee and slipped. *Id.* at ¶ 25. The Walmart employee was not blocking Lajeunesse's path or line of walking as she approached the puddle of liquid. *Id.* at ¶ 26.

## ANALYSIS

Lajeunesse sued Walmart for negligence. [1]. Walmart contends that the puddle of brown liquid was an open and obvious condition, therefore Walmart is entitled to summary judgment. [40] at 4. Walmart further argues that the distraction exception to the open and obvious rule does not apply here. *Id.* at 7.

"The elements of a cause of action for negligence are: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; and (3) an injury proximately caused by the breach." *Wilfong v. L.J. Dodd Const.*, 930 N.E.2d 511, 519 (Ill. App. 2d Dist. 2010). An open and obvious condition is "a recognized exception to the duty of care." *Id.* at 520.

I. **Open and Obvious Condition**

5

Under Illinois law, "persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Buchaklian v. Lake Cnty. Fam. Young Men's Christian Ass'n*, 732 N.E.2d 596, 600 (Ill. App. 2d Dist. 2000) (citing *Bucheleres v. Chicago Park Dist.,* 665 N.E.2d 826 (Ill. 1996)). "For a condition to be open and obvious, an invitee must reasonably be expected to discover it and protect himself against it." *Id.* (citing *Deibert v. Bauer Bros. Const. Co., Inc.*, 566 N.E.2d 239 (Ill. 1990)). The obviousness of a condition is "determined by the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge." *Id.* at 602 (quoting *Menough v. Woodfield Gardens*, 694 N.E.2d 1038 (Ill. App. 1st Dist. 1998)).

Determining whether a condition is open and obvious is a question of law when "there is no dispute about the physical nature of the condition." *Wilfong*, 930 N.E.2d at 520 (citing *Belluomini v. Stratford Green Condo. Ass'n*, 805 N.E.2d 701 (Ill. App. 2d Dist. 2004)). "However, where there is a dispute about the condition's physical nature, such as its visibility, the question of whether a condition is open and obvious is factual." *Id.*

Here, there is no dispute about the puddle's physical nature or visibility. There is no dispute that the puddle consisted of brown liquid, was two feet long and one and a half feet wide, there were no issues with lighting in the store, and Lajeunesse did not have a basket or shopping cart which could have obstructed her view. [39] at ¶¶ 13, 16, 20, 21. Lajeunesse testified that she simply did not see the puddle, but if she had seen it, she would have walked around it. *Id.* at ¶¶ 18-19. Whether the puddle

6

was an open and obvious condition is therefore a question of law for the Court to decide. Lajeunesse contends that the visibility of the puddle is in dispute because she did not see it before encountering it. [43] at 4. But the obviousness of a condition does not depend on Lajeunesse's subjective knowledge and is instead determined by the objective knowledge of a reasonable person. *Buchaklian*, 732 N.E.2d at 602.

In *Montenegro*, the Illinois appellate court affirmed that cracks in a walkway were an open and obvious condition. *Montenegro v. Voltattorni*, No. 1-09-2632, 2011 WL 9918782, at *3 (Ill. App. 1st Dist. Mar. 11, 2011). The court noted that there was "no question of fact that plaintiff could have avoided the crack if he had been looking down while walking." *Id.* The crack in the walkway was not hidden or concealed, and it was not dark at the time the injury occurred. *Id.* Therefore, "a reasonable person in the exercise of 'ordinary perception, intelligence and judgment' would have recognized the crack and the risk it presented." *Id.* (citing *Deibert*, 566 N.E.2d at 241); *see also Stephen v. Swiatkowski*, 635 N.E.2d 997, 1003 (Ill. App. 1st Dist. 1994) (affirming that protruding nail was open and obvious where plaintiff testified "that he would have seen the protruding nail if he had only looked down at it."); *Deibert*, 556 N.E.2d at 243 (finding tire rut was open and obvious where plaintiff testified "if he had watched where he was walking, he would have seen the rut when he left the bathroom.").

Lajeunesse did not see the puddle before slipping on it, but she testified that if she had seen it, she would have simply walked around it. [39] at ¶¶ 18-19. The puddle was not concealed or hidden, and Lajeunesse did not have any problems with the

7

lighting in the store. *Id.* at ¶¶ 20-21. The surveillance video of the incident also shows the open and obvious nature of the puddle. *Id.* at 40; [41] at Ex. C. Like the plaintiff in *Montenegro*, Lajeunesse "could have avoided the [puddle] if [s]he had been looking down while walking." 2011 WL 9918782, at *3. A reasonable person would have recognized the puddle and the risk it presented. *Id.* Therefore, the open and obvious rule applies.

## II. Distraction Exception

The "distraction exception" to the open and obvious rule applies where "the landowner has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." *Wilfong*, 930 N.E.2d at 521 (internal quotations omitted). "The question is whether the defendant should reasonably anticipate injury to those entrants on his premises who are generally exercising reasonable care for their own safety, but who may reasonably be expected to be distracted." *Montenegro*, 2011 WL 9918782, at *4 (quoting *Ward v. K Mart Corp.*, 554 N.E.2d 223, 232 (Ill. 1990)).

Lajeunesse argues that she was deliberately distracted by the Walmart employee speaking to her. [43] at 5. However, it is undisputed that Lajeunesse heard the Walmart employee say something at the exact moment her foot encountered the puddle. [39] at ¶ 24; [44] at ¶ 24. "[T]he distraction exception will only apply where evidence exists from which a court can infer that plaintiff was actually distracted." *Bruns v. City of Centralia*, 21 N.E.3d 684, 691 (Ill. 2014). Based on the undisputed facts, the Walmart employee saying something to Lajeunesse could not have

8

distracted her from exercising reasonable care to avoid the puddle because Lajeunesse's foot encountered the puddle at the same moment she heard the Walmart employee speak. *See* [39] at ¶ 24. Therefore, Lajeunesse's foot would have encountered the puddle, and she would have slipped, regardless of whether the Walmart employee said anything or not. There are no undisputed facts from which the Court can infer that Lajeunesse was actually distracted. Accordingly, the distraction exception does not apply.

## CONCLUSION

For the stated reasons, Walmart's motion for summary judgment [38] is granted. The puddle Lajeunesse slipped on was an open and obvious condition and the distraction exception does not apply. The Clerk is directed to enter judgment in Defendant's favor and against Plaintiff and terminate the case.

E N T E R:

Dated: March 7, 2025

MARY M. ROWLAND
United States District Judge

9